_T.H._

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

2-15-06

_JACKSONVILLE_ Division

### AMENDED
### CIVIL RIGHTS COMPLAINT FORM

FILED

_TIM S. HAMILTON #166919_

CASE NUMBER: 3:05-CV-887-J-32TEM
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison
number, if applicable)

v. _JAMES CROSBY, Secretary F.D.O.C._
_JACK SAPP, WARDEN, JAMES HUDGINS, ASSIST._
_WADEN, DAVID McCULLEM, ASSIST. WARDEN_
_DAVID COLEMAN, COLONEL, CAPT. TOUCHTON_
_CAPT. ROSS, SGT. SEXTON, SGT. B. SAPP_
(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

_SGT. PIERCE, SGT. GRAHAM, SGT. HOLLINGSWORTH,_
_LIEUTENANT MOBLEY, CO. STENQUEST, CO. MORALES_
_CO. HALLBROOK, CO. SCHEELER, CO. L.J. CORBIN II_
_JOHN DIALESSI, R. SOLORZANO, V.P. BAITAN,_
_J.L. SWARTZ, D. HALL, A. HENDERSON, C. HUDGINS,_
_J.F. ZAK, RUTH FELTNER_

/

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.   PLACE OF PRESENT CONFINEMENT: _HAMILTON CORRECTIONAL_
        (Indicate the name and location)

_INSTITUTION 11419 S.W. County Rd. #249, Jasper FLORID 32052_

II.  DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
     THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (X) No ( )

     [If your answer is YES, after reviewing the exhaustion requirements, answer the
     following questions]

DC 225 (Rev. 12/02)                                      1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility.  Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion.  (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form.  If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

    1.  Informal Grievance (Form DC3-005)
    2.  Formal Grievance (Form DC1-303)
    3.  Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22.  The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.    Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

    1.  Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (X) No ( )

    2.  If so, you must attach a copy of the grievance and response to this Complaint form.

    3.  Were you denied emergency status? Yes ( ) No (X)

        a.  If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( ) " *NOT APPLICABLE*"

        b.  If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.    Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( X ) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C.     <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( X ) No ( )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( X ) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D.     <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( X ) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _13_ day of _February_, 2 _006_.

_____
Signature of Plaintiff

III.   **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (X)

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B.   Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C.   If your answer is YES:

   1.   What steps did you take? "Not Applicable"

   2.   What were the results? "Not Applicable"

   3.   To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.   If your answer is NO, explain why not: "Not Applicable"

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _13_ day of _February_, 2 _006_.

_____
Signature of Plaintiff

IV.   PREVIOUS LAWSUITS:

A.   Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

B.   Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1.   Parties to previous lawsuit:

      Plaintiff(s): "Not Applicable"

      Defendant(s): "Not Applicable"

   2.   Court (if federal court, name the district; if state court, name the county):
      "Not Applicable"

   3.   Docket Number: "Not Applicable"

   4.   Name of judge: "Not Applicable"

   5.   Briefly describe the facts and basis of the lawsuit: "Not Applicable"

   6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
      "Not Applicable"

   7.   Approximate filing date: "Not Applicable"

   8.   Approximate disposition date: "Not Applicable"

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

*Case No.: 3:05-cv-635-J-20 HTS, STYLE: 42 U.S.C. 1983 Civil Rights Complaint, Disposition: Dismissed without Prejudice pursuant to 28 U.S.C. 1915 (e)(2)(B)*

V.   **PARTIES**:  In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank.  Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: *Timmy Scott Hamilton*

Mailing address: *Hamilton C.I. Annex, 1419 S.W County Rd 249 Jasper, Florida 32052*

B.   Additional Plaintiffs: _____

In part C of this section, indicate the **full name** of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: *James Crosby*

Mailing Address: *2601 Blair Stone Rd. Tallahassee, Florida 32399-2500*

Position: *Secretary D.O.C.*

Employed at: *Tallahasse office Fl Dept. of Corr.*

D.   Defendant: *Jack Sapp*

Mailing Address: *10650 S.W. 46th Street Jasper, Florida 32052*

Position: *Warden*

Employed at: *Hamilton Correctional Institution*

D. Defendant: James Hudgins

Mailing Address: 10650 S.W. 46th Street

Jasper, Florida 32052

Position: Assistant Warden

Employed at: Hamilton Correctional Institution

E. Defendant: David McCullem

Mailing Address: 10650 S.W. 46th Street

Jasper, Florida 32052

Position: Assistant Warden

Employed at: Hamilton Correctional Institution

F. Defendant: David Coleman

Mailing Address: 10650 S.W. 46th Street

Jasper, Florida 32052

Position: Colonel

Employed at: Hamilton Correctional Institution

G. Defendant: Capt. Touchton

Mailing Address: 10650 S.W. 46th Street

Jasper, Florida 32052

Position: Captain

Employed at: Hamilton Correctional Institution

DC 225 (Rev. 12/02)

D.  Defendant: _____ Capt. Ross _____

    Mailing Address: _____ 10650 S.W. 46th Street _____

    Jasper, Florida 32052

    Position: Captain

    Employed at: Hamilton Correctional Institution

E.  Defendant: _____ Sgt. Sexton _____

    Mailing Address: _____ 10650 S.W. 46th Street _____

    Jasper, Florida 32052

    Position: Sergeant

    Employed at: Hamilton Correctional Institution

F.  Defendant: Sgt. B.  Sapp

    Mailing Address: 10650 S.W. 46th Street

    Jasper Florida 32052

    Position: Sergeant

    Employed at: Hamilton Correctional Institution

G.  Defendant: _____ Sgt. Pierce _____

    Mailing Address: 10650 S.W. 46th Street

    Jasper, Florida 32052

    Position: Sergeant

    Employed at: Hamilton Correctional Institution

D. Defendant: Sgt. Graham

Mailing Address: 10650 S.W. 46th St.

Jasper, Florida 32052

Position: Sergeant

Employed at: Hamilton Correctional Institution

E. Defendant: Sgt. Hollingsworth

Mailing Address: 10650 S.W. 46th Street

Jasper, Florida 32052

Position: Sergeant

Employed at: Hamilton Correctional Institution

F. Defendant: L.T. Mobley

Mailing Address: 10650 S.W. 46th Street

Jasper, Florida 32052

Position: Lieutenant

Employed at: Hamilton Correctional Institution

G. Defendant: C.O. Stenquest

Mailing Address: 10650 S.W. 46th Street

Jasper, Florida 32052

Position: Corrections Officer

Employed at: Hamilton Correctional Institution

DC 225 (Rev. 12/02)

D.  Defendant: _C.O. Morales_

Mailing Address: _10650 S.W. 46th Street_

_Jasper, Florida 32052_

Position: _Corrections Officer_

Employed at: _Hamilton Correctional Institution_

E.  Defendant: _C.O. Hallbrook_

Mailing Address: _10650 S.W. 46th Street_

_Jasper, Florida 32052_

Position: _Corrections Officer_

Employed at: _Hamilton Correctional Institution_

F.  Defendant: _C.O. Scheeler_

Mailing Address: _10650 S.W. 46th Street_

_Jasper, Florida 32052_

Position: _Corrections officer_

Employed at: _Hamilton Correctional Institution_

G.  Defendant: _L.J. Corbin III_

Mailing Address: _10650 S.W. 46th street_

_Jasper, Florida_

Position: _Corrections Officer_

Employed at: _Hamilton Correctional Institution_

D. Defendant: John Dialessi

Mailing Address: 10650 S.W. 46th Street

Jasper Florida 32052

Position: Library Specialist

Employed at: Hamilton Correctional Institution

E. Defendant: DR. R. Solorzano

Mailing Address: 10650 S.W. 46th Street

Jasper, Florida 32052

Position: Medical Doctor (Chief Health Officer)

Employed at: Hamilton Correctional Institution

F. Defendant: DR. V. P. Baitan

Mailing Address: 10650 S.W. 46th Street

Jasper Florida 32052

Position: Medical Doctor (Staff Physician)

Employed at: Hamilton Correctional Institution

G. Defendant: DR. J.L. Swartz

Mailing Address: 10650 S.W. 46th Street

Jasper, Florida 32052

Position: D.O. (Staff Physician

Employed at: Hamilton Correctional Institution

DC 225 (Rev. 12/02)

D. Defendant: DR. D. Hall

Mailing Address: 10650 S.W. 46th Street

Jasper, Florida 32052

Position: D.O. (Staff Physician)

Employed at: Hamilton Correctional Institution

E. Defendant: A. Henderson

Mailing Address: 10650 SW. 46th Street

Jasper, Florida 32052

Position: SRNS (Senior Nurse)

Employed at: Hamilton Correctional Institution

F. Defendant: C. Hudgins

Mailing Address: 10650 S.W. 46th Street

Jasper, Florida 32052

Position: RNS (Registered Nurse)

Employed at: Hamilton Correctional Institution

G. Defendant: J. F. Zak

Mailing Address: 10650 S.W. 46th Street

Jasper Florida 32052

Position: SRN (Nurse)

Employed at: Hamilton Correctional Institution

D. Defendant: _Ruth Feltner_____
   Mailing Address: _10650 S.W. 46th Street_____
   _Jasper, Florida 32052_____
   Position: _SHSA_____
   Employed at: _Hamilton Correctional Institution_

E. Defendant: _____
   Mailing Address: _____
   _____
   Position: _____
   Employed at: _____

F. Defendant: _____
   Mailing Address: _____
   _____
   Position: _____
   Employed at: _____

G. Defendant: _____
   Mailing Address: _____
   _____
   Position: _____
   Employed at: _____

VI.   STATEMENT OF CLAIM:  State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

This is a civil Rights action filed by Timmy S. Hamilton a state prisoner, for damages and injunctive relief under 42 u.s.c. §1983 alleging Cruel and unusual punishment in violation of the eighth amendment of the united states Constitution and retaliation and Confinement in violation of right to access the Courts and violation of the due process clause of the

Continued on page 8-A

VII.   STATEMENT OF FACTS:  State as briefly as possible the FACTS of your case. Describe how each defendant was involved.  **Do not make any legal arguments or cite any cases or statutes.**  State with as much specificity as possible the facts in the following manner:

1.  Name and position of person(s) involved.
2.  Date(s).
3.  Place(s).
4.  Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.  Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

1. The Court has Jurisdiction over plaintiffs Claims of violations of Federal Constitutional rights under 42 u.s.c. §§1331 (a) and 1343

2. The Court has supplemental Jurisdiction over plaintiffs State law Torts Claim under 28 u.s.c. § 1367

3. The plaintiff, Timmy S. Hamilton was incarcerated at Hamilton Correctional Institution ("HCI") during the events

VI. <u>Statement of Claim Continued</u> :

First and Fourteenth amendments of the United States Constitution. Plaintiff also alleges descrimination in violation of in violation of the First, Fourth and eighTh as well as the Fourteenth amendments of the Constitution. Plaintiff alleges retaliation and to humiliate and violations of plaintiffs right to bodily privacy in violation of the First, Fourth, eighth, and FOurteenth amendments of the United States Constitution.

Statement of Facts, continued:

described in this Complaint.

4. Defendants Sgt. Sexton, Sgt B.Sapp, Sgt Pierce, Sgt. Graham, Sgt. Hollingsworth, Co. STenquest, Co. Morales, Co. Hallbrook, Co. Scheeler, and Co. L.J.Corbin are Correctional officers employed at HCI. They are sued in their individual Capacities.

5. Defendant Mobley is an administrative Lieutenant at HCI. He is sued in his individual Capacities.

6. Defendant Ross is a Captain at HCI. He is sued in his individual Capacities.

7 Defendant Touchton is a Captain at HCI. He is sued in his individual Capacities.

8. Defendant David Coleman is a Colonel at HCI. He is sued in his individual Capacities.

9. Defendant David McCullem is a assistant Warden at HCI. He is sued in his individual Capacities. and official Capacities.

STATEMENT OF FACTS, Continued:

10. Defendant James Hudgins is assistand warden at HCI. He is being sued in his individual and official Capacities.

11. **Defendant** Jack Sapp is warden at HCI. He is being sued in his individual and official Capacities.

12. Defendant R. Solorzano M.D. is cheif Health Office at HCI. He is being sued in his individual and official Capacities.

13. Defendants D. Hall, DO., V.P. Baitan, MD. and J.L. Swartz, DO. are staff physicians at HCI. They are being sued in their individual and official Capacities.

14. Defendants A. Henderson, S.R.N.S., C. Hudgins R.N.S., and J.F. ZAK S.R.N., are nurses at HCI. They are sued in their individual and official Capacities.

15. Defendant Ruth Feltner S.H.S.A is in medical administrations at HCI. She is sued in her individual and official Capacities.

<u>Statement of Facts, Continued:</u>

16. Defendant John Dialessi is the library specialist at HCI. He is sued in his individual and official Capacities.

17. All the defendants have acted, and Continue to act, Under Color of law at all times relevent to this Complaint.

18. On November 19, 2004, plaintiff was ordered to medical to see nurse C. Hudgins R.N.S. .

19. Upon arriving at medical Defendant C. Hudgins R.N.S. asked plaintiff. "Did you write a grievance?"

20. Plaintiff stated he had, but the issue was moot because plaintiff had received his Cane.

21. Defendant C. Hudgins then stated that there was no documentation in plaintiffs medical file that showed a Cane pass or a restricted walking to 100 yards.

22. Plaintiff then declared "I have my Copy

<u>Statement of facts, Continued:</u>

on me."

23 Defendant C. Hudgins then opened Plaintiffs medical file and the document in question was right on top.

24. Plaintiff pointed the document out to Defendant C. Hudgins and she stated "I must have looked right over it."

25. Defendant C. Hudgins Then seized Plaintiffs Cane without direct written order and replaced it with a crutch, Claiming a proposed security Rule.

26. Plaintiff Complained there was further pain, Suffering and discomfort Caused by the use of the Crutch.

27. Defendant C. Hudgins claimed there was nothing she Could do, Plaintiff was to address issue at sick-Call.

28. Plaintiff was forced to take and use the inappropriate health Care appliance. (SEE Exhibit (A))

<u>Statement of Facts, Continued:</u>

29. On November 19, 2004 Plaintiff filed a DC2-530, a reasonable Modification and Accommodations Request. Requesting to be moved to a dorm that was closer to the chow hall, Medical, law library and recreation area. This is an ADA Request.

30. On November 24, 2004 Plaintiff was again ordered to see Defendant C. Hudgins at Medical at 4:00 PM.

31. Upon arriving at Medical Defendant C. Hudgins claimed she could not find documentation to support plaintiffs ADA Claims of restricted walking to 100 yards.

32. Plaintiff states the document was there on November 19, 2004 when his Cane was Seized.

33. Defendant C. Hudgins states "Well its not here now.

34. Plaintiff again tells Defendant C. Hudgins That he is in possession of his Copy

<u>Statement of facts, Continued:</u>

of said Documentation.

35. Defendant C. Hudgins then takes possession of plaintiffs passes and tells plaintiff to leave the room.

36. While sitting outside the nurses office plaintiff heard the following through the door.

37. Defendant DR. J.L. Swartz Claims he did not write said passes, that the passes were a forgery.

38. Defendant C. Hudgins states that its not a forgery cause she has the copy of the pass.

39. An unidentified nurse states "I bet he can walk 100 yards if he has to."

40. Defendant C. Hudgins then states "We'll have to send him back to the annex if we approve this ADA Request."

Statement of facts, Continued:

41. Plaintiff was called back into the nurses office approximately 10 minutes later.

42. Defendant DR. J.L. Swartz states "Look what I've done for you, I've written all your passes on one pass. Now that you have a crutch pass, you don't need the restricted walking to 100 yards."

43. At this time the Defendant DR. J.L. Swartz leaves the nurses office.

44. Plaintiff turns to Defendant C. Hudgins and states "You can't change an inmates passes to avoid honoring The ADA request. Thats a violation of ADA."

45. Defendant C. Hudgins Then states "You don't have a resticted walking to 100 yards pass any more so your fine right were your Housed. ADA request Denied."

46. On the reviewers action DC2-530 Defendant falsifys documents by claiming at time of interview there is no 100 yard walking restriction.

<u>Statement of facts, Continued:</u>

47. After leaving medical Plaintiff returned to I-Dormitory and spoke to Defendant Stenquest.

48. Plaintiff asked Defendant Co. Stenquest if he would get Plaintiff a Copy of the DC4-701D Dated November 03, 2004 through November 02, 2005, Restricted Walking to 100 yards, Restricted standing to 15 minutes and Cane pass, because medical took plaintiffs Copy.

49. Defendant CO. Stenquest said he would.

50. On November 25, 2004 at the beginning of the 4-12 shift Plaintiff asked Defendant CO. Stenquest about the above mentioned Copy.

51. Defendant CO. Stenquest told Plaintiff that the pass in question had been removed from The security file and a Crutch pass had been put in its place.

52. Plaintiff stated that, that was funny because plaintiff held all the Copies of the Crutch pass.

Statement of facts, Continued:

53. At this point the medical document had dissapeared from all files including plaintiffs well documented medical file.

54. Plaintiff filed grievances on medical staff for violating ADA and altering, editing, Concealing and/or Destroying medical documents. all grievances were denied even though Plaintiff produced documentation. (see EXHIBIT (B) )

55. On January 21, 2005 at 8:00 A.M. Plaintiff was ordered to the Security Building.

56. Upon arriving Defendand CO. Morales ordered Plaintiff to remove his Jacket, shirt and T-shirt and to empty his pockets.

57. Plaintiff was then ordered into the restroom by Defendant Sgt. Graham.

58. Defendant Sgt. Graham Came up behind plaintiff and ordered Defendant to "Drop 'em"

<u>Statement of facts Continued:</u>

59.  Plaintiff replied "excuse me?"

60.  Defendant sgt. Graham then ordered the plaintiff to drop his pants around his ankles.

61.  Leaving plaintiff standing there naked.

62.  Defendant sgt. Graham then came close enough to the back of plaintiff that plaintiff could feel Defendant sgt Grahams breath on his back and ordered plaintiff "your dick in your left hand and the cup in your right."

63.  Plaintiff was so humiliated and scared that plaintiff could not urinate and almost had a bowel movement trying.

64.  Plaintiff was then ordered to throw the specimen cup in the trash and get out of the Restroom by sgt Graham.

65.  Plaintiff pulled up his pants and walked out of the restroom.

<u>Statement of facts, Continued:</u>

66. Defendant Sgt. Graham Then brought plaintiff approximately 4.ounces of water in a styrafoam cup and told plaintiff " Thats all you get."

67. Defendant Sgt Graham then left the building.

68. Plaintiff was then asked by Sgt. Hollingsworth if he was ready to try again.

69. Plaintiff said he was.

70. Plaintiff stated to Defendants Sgt. Hollingsworth and Co. Morales That plaintiff could not urinate because he now had to deficate.

71. Defendant Hollingsworth then ordered Plaintiff To deficate while urinating into the specimen cup.

72. Defendant Hollingsworth watched plaintiff Deficate while urinating into the specimen cup

<u>Statement of facts, Continued:</u>

and stated "Don't get any shit in that cup or your going to Jail."

73. Plaintiff passed the urine test and was released back to his housing dorm. (See Exhibit(C))

74. On January 22, 2005 plaintiff filed a grievance of a sensitive nature and reprisal. It was not accepted as such.

75. Plaintiff attempted to file at the institution and none of the grievances was answered.

76. On February 3, 2005 at approximately 8:00 P.M. Plaintiff was ordered to the Captains office.

77. Defendant Co. Hallbrook ordered plaintiff against the wall in the sally-port of I-Dormitory.

78. Defendant Co. Stenguest appeared and shackled plaintiffs legs dispite the fact that plaintiff is disabled and walked with a crutch.

<u>Statement of facts, Continued:</u>

79■. Defendant cattellbrook asked plaintiff " who did you piss off?"

80■. Plaintiff was then ordered out side in the rain and Cold and forced to Hobble to the security building.

81■. Once Plaintiff arrived at the security building he was surrounded by two more officers Defendants Captain Touchton and Sgt Sexton.

82■. Defendant Sgt. Sexton said " Inmate Hamilton, Im Sgt Sexton and this gentleman here is Captain Touchton".

83■. Plaintiff replied "How are you doing sir."

84■. Defendant Sgt. Sexton then asked plaintiff if he Knew why he was there.

85■. Plaintiff replied " No Sir."

86■. Defendant Sgt. Sexton then stated "Well ill

<u>Statement of facts, Continued:</u>

tell you why your here. We want to Know who told you to write this grievance."

87. Plaintiff Then asked "which Grievance?"

88. Defendant Sgt Sexton Replied "The one about female officers working in I-dorm."

89. Plaintiff Replied "No one told me to write it".

90. Defendant Capt. Touchton then replied "Bullshit, I fucking Know for a fact that I.O.P. hasn't been used in about 9 or 10 years, Thats old school shit. Someone told you to write that Fucking Grievance".

91. Plaintiff replied "No one told me to write it I wrote it on my own."

92. Defendant Sgt Sexton Then stated "I've read your file and I Know you don't give a fuck about this grievance."

93. Plaintiff Replied "No one told me to write it."

<u>Statement of facts, Continued</u>:

94. Defendant Sgt Sexton Then said "Now Listen, we're gonna back up, forget the first two minutes of this Conversation everhappened. Now remember I Know the answer to these questions before I ever ask them so don't try to bullshit me, So who told you to write this grievance."

95. Plaintiff Replied "no one told me to write it."

96. Defendant Capt. Touchton Then replied "Thats Fucking Bullshit."

97. Plaintiff replied " I Saw one someone else had written and I wrote one similar to it"

98. Defendant Capt. Touchton Then said " So you were in an unauthorized Fucking area."

99. Plaintiff replied "No"

100. Defendant Capt. Touchton Then stated " You had to be in an unauthorized area because all the other grievances came from wing three and you live on

<u>Statement of facts Continued:</u>

wing two."

101 ▆   Plaintiff relied "I saw it on wing two."

102 ▆   Defendant Capt. Touchton then stated "Them assholes on wing three writing them grievances are doing life, they got nothing better to do. Them assholes aren't your friends, they don't Care about You. We Care more about you then they do. You Know why we care? Cuz its our Fucking Job to Care. Those assholes a gonna get you a drug charge."

103 ▆.   Defendant sgt. Sexton Then asked "Hamilton How old are you?"

104 ▆.   Plaintiff responded "Thirty five sir."

105 ▆.   Defendant sgt. Sexton Then stated "Him and I (Pointing at captain Touchton) have more time in here than you've been alive."

106 ▆.   Defendant Capt. Touchton Then said "Do you know what I mean by drug charge? your gonna get dragged

-24-

<u>Satement of facts, Continued :</u>
off in a cell and fucked."

107. Defendant sgt sexton then says "Do you know who the warden is at night? That man right there is the warden (Pointing at Capt. Touchton) He runs this place, he does't have time to be answering your stupid Fucking grievances and SO other inmates. He's got more important things to do."

108. Defendant Capt. Touchton then asks "Do you know the rules? The institutional rules, in the handbook? Do you know how many rules there are? My officers Do! There's 218 rules in the handbook and there's eight books for chapter 33. Whats the number of the rule your grieving?"

109. Plaintiff Replied "I'm not sure off hand."

110. Defendant Capt. Touchton then stated "You don't even know what the fuck your grieving."

111. Defendant Sgt Sexton then stated "We know your not From Florida, your from Pennsylvania, you don't have any holds, no probation, your Free to do what

Statement of facts, Continued:

you want after you do your time.

112 ▮. Defendant Capt. Touchton states `` If you weren't stealing and robbing, you wouldn't be here ''

113▮. Defendant Sgt. Sexton then states `` It's not suppose to be nice here, if it was nice you assholes would keep Coming back.''

114 ▮. Defendant Capt. Touchton then states," We're gonna move you, maybe you'll like your new cell mate, maybe you won't, he might be a homosexual, you never know.''

115▮. Defendant Capt. Touchton Then stated `` You realy don't have a grievance, your just writing this shit cuz you don't like Sgt. Tucker. If it was some fine ass bitch giving you some pussy you wouldn't Complain about shit,"

116▮. By This Time plaintiffs was wet, Freezing and shaking uncontrolably.

117▮. The shackles had dug into plaintiffs

-26-

<u>Statement of facts, Continued:</u>

ankles causing them to bleed and eventualy Leaving scars on plaintiffs Left ankle.

118___. Defendant Sgt. Sexton Then states "Its diffrent here than in Pennsylvania specialy at HCI, You don't want to draw attention to yourself. You got attention now, How do you like?"

119___ Plaintiff Replied "I Don't."

120 ___. Defendant Sgt Sexton Then states "Just do your Time, Take your ass back to Pennsylvania or where ever the fuck you want to go. You got 10 months left, it can be easy or it can be hard."

121___. Plaintiff states "I have twenty two months left."

122___. Defendant Sgt. Sexton says "you get out December 2006, oh Thats right its only 2005."

123___. Defendant Capt. Touchton Then states "If you follow through with this grievane, and I'm not

<u>Statement of facts, Continued:</u>

Saying you can't, but if you do your gonna spend a lot of time in the box, where you don't have To worry about your privacy. The next Twenty Two months will be the worst Twenty two months you've ever seen. We can't get your gain time cuz you don't get any, but you will spend time in the box for D.R.'s. There's 218 rules and my officers Can find you breaking one at any Time."

124 ___. Defendant Sgt. Sexton Then states " I'm sure I Can search your locker right now and find contra band."

125 ___. Plaintiff states " not in my locker."

126 ___. Defendant Sgt. Sexton the says " Yes I can."

127 ___. Defendant Sgt. Sexton Then Continues by stating " Woman have a right to work here, thats not gonna Change."

128 ___. Defendant Capt. Touchton Then asks plaintiff " Whats your Fucking problem any way?"

<u>Statement of facts, Continued:</u>

129■. Plaintiff replies " There's no privacy screening on the showers and inmates can't utilize their cell doors so whene inmates are using the toilet Female officers are walking in on Them."

130 ■. Defendant Capt. Touchton Then states " You expect my officers to pop your door every Time you have to shit or piss or beat your dick or whatever you do? I don't fucking Think So."

131■. Defendant Sgt Sexton Then States " See what happens when you write grievances and draw attention to yourself."

132■. Defendant Capt Touchton Then asks "And whats your Fucking Problem with the Chow hall?"

133■ Plaintiff Replied " I can't carry my tray, my Drink and work my crutch at the same time."

134■. Defendant Sgt Sexton Then states "All you have to do is ask an officer and you can Set your tray down and then get your drink."

-29-

<u>Statement of facts, Continued</u>:

135 ▓▓. Plaintiff replied "I Tried that and was told to drink out of the inmates cup sitting next tome."

136 ▓▓. Defendant Sgt. Sexton Then asked "who told you that?"

137 ▓▓. Plaintiff replied "Sgt. Harlow."

138 ▓▓. Defendant Sgt Sexton States" Well if i'm in the chow hall just come to me and I'll let you, and if you have any more problems come to me oR Capt. Touchton, But don't, don't write any more grievances. That draws attention".

139 ▓▓. Defendant Capt. Touchton Then states " The next time I call you out, it will Be 2:30 in the morning and 32 degrees out and you'll be out here longer."

140 ▓▓. By This Time Plaintiff was soaked and wet, his Teeth were chattering and plaintiff was shaking uncontrolably." (Plaintiff has restricted standing pass.)

141 ▓▓. Defendant Sgt. sexton says " So, Hamilton, whats it gonna be? Are we gonna put this behind us and Just blend in or are you gonna draw attention to

<u>Statement of facts, Continued :</u>
   yourself?"

142. Plaintiff replied "I'm gonna mind my own."

143. Defendant Sgt. Sexton Then stated "I Think we're done here I Think he's got the IDea."

144. Defendant Sgt. Sexton Then ordered Co. Hallbock To escort plaintiff back to I-Dorm.

145. ON February 7, 2005 Plaintiff Filed a grievance of a sensitive nature and Reprisal. It was not accepted as such. (See Exhibit (D))

146. ON February 8, 2005 in spite of the threats plaintiff did File a Formal grievance to the warden Concerning Prisoners right to bodily privacy and Female officers viewing inmates while showering, Urinating and Deficating. This grievance was never answered.

147. On February 10, 2005 Plaintiff was called to medical to see Defendant DR. D. Hall. at 8:30 AM.

<u>Statement of facts, Continued:</u>

148 ▪. Defendant DR. D. Hall wrote plaintiff a pass for Restricted walking to 100 yards and a cane pass.

149 ▪. Plaintiff stated to Defendant DR.D. Hall "Make Sure you write it all down or they'll try to say it never happend."

150 ▪. Defendant DR. D. Hall stated " I wrote it all in your chart." ( See Exhibit (H) )

151 ▪. On February 10 ,2005 at approximately five P.M. While walking to Chow. plaintiff observed Defendant Sgt. sexton approach Defendant CO. Scheeler.

152 ▪. Defendant Sgt Sexton said Something to Defendand Co. Scheeler, Then Look in plaintiffs direction.

153 ▪. Upon approaching Defendant CO. Scheeler, CC. Scheeler ordered Plaintiff out of line.

154 ▪. Defendant Co. Scheeler asked plaintiff if plaintiff had any Contra band on his person.

<u>Statement of facts, Continued :</u>

155 ▪. Plaintiff responded "No Sir."

156 ▪. Defendant CO. Scheeler asked "Are you sure?"

157 ▪. Plaintiff Responded " Yes Sir."

158 ▪. Defendant CO. Scheeler then ordered Plaintiff To open his coat.

159 ▪. Plaintiff Complied.

160 ▪. Defendant CO. Scheeler The asked "Whats in your pocket?"

161 ▪. Plaintiff replied "Snuff."

162 ▪. Defendant CO. Scheeler Then orderd Plaintiff to turn around.

163 ▪. Plaintiff Complied.

164 ▪. Defendant CO. Scheeler Then patted Plaintiff down and Found no contraband.

Statement of facts, Continued:

165▪. Defendant Co. Scheeler Then asked plaintiff "Do you
have a shaving pass?"

166▪. Plaintiff Replied "Yes Sir I Do!"

167▪. Defendant CO. Scheeler Then reached out and took
Plaintiffs I.D. and passes off plaintiffs Coat Collar.

168▪. Defendant Co. Scheeler Then said "Let me see the
Crotch."

169▪. Defendant co. Scheeler Then inspected the Crotch
and asked plaintiff " Do you have a pass for This?"

170▪. Plaintiff replied "Yes  Sir I Do."

171▪. Defendant Co. Scheeler Then stated "Show me" and
handed Plaintiffs I.D. and Passes back to plaintiff.

172▪. Plaintiff Located the Correct Pass and handed his
I.D. and passes back To Co. Scheeler.

173▪. At this Time Defendant CO. Scheeler  stated

- 34 -

## Statement of facts, Continued:

"You have an attitude Inmate."

174. Plaintiff responded by stating "No Sir I Don't."

175. Defendant CO. Scheeler Then stated "Yeah, I Think you do, Turn around and Cuff up."

176. Plaintiff Complied.

177. Defendant CO. Scheeler then stated "You Just say any thing you want to an officer."

178. Plaintiff stated "No Sir"

179. Defendant CO. Scheeler then stated "Yeah you Do."

180. At this time a black officer walked up and asked what was going on.

181. Defendant CO. Scheeler lied in response by stating "This inmate Called me a Mother-Fucker"

182. At that time Plaintiff stated that, that

<u>Statement of facts, Continued:</u>

was false that plaintiff in no way disrespected any body and this was retaliation for grievances filed.

183■. Plaintiff was then escorted to medical by the black officer.

184■■. Plaintiff and the black officer were stopped by the captain on duty, who asked, what was going on.

185■■. At this point the escorting officer stated "This inmates going to Confinement for disrespect."

186■■. Plaintiff Then stated to the Captain "These are false alligations, I have in no way disrespected any one. This is retaliation and harassment for grievances filed."

187■■. The Captain then asked "Who Said this happend."

188■■. The escorting officer stated "Officer Scheeler."

189■■. The Captain responded "Well Take him to Confinement."

(see Exhibit(E))

-36-

<u>Statement of facts, Continued:</u>

190 ▮▮. On February 15, 2005 while in confinement at 8:45 pm Co. Johnson came to plaintiffs cell and said "Hamilton, I hear your a writ writer. My names officer Johnson, "J-O-H-N-S-O-N" I Don't want you to misspell my fucking name. You'll have plenty of reasons to write grievances. Just watch and see. Thats all I wanted to say."

191 ▮▮. Co. Johnson then walked away from plaintiffs cell.

192 ▮▮. Approximately 10 seconds later Defendant Capt. Touchton walked by plaintiffs cell glaring in at him.

193 ▮▮. Inmate D. Spitznogle #982676 was wittness to this.

194 ▮▮. On February 16, 2005 at 6:09 P.M. Co. Johnson came to plaintiffs cell and said "Inmate Hamilton, I didn't know you pissed my boss off. You know since you pissed my boss off I got to go with him. You know you got some shit coming your way,

<u>Statement of facts, Continued:</u>

I'm Just warning you. Your gonna be pissed off but you won't be surprised. So get your pen and Paper ready."

195. Inmate D. Spitznogle #982676 was witness to this. (See Exhibit (E))

196. On February 21, 2005 Plaintiff filed to the Secretary telling officials that plaintiff and other inmates were being subjected to sub-freezing tempatures For days on end.

197. Officers would shut off the heat, Turn on The exhaust fans, Open the Four vents on the out side walls, and turn on the Huge fans, sucking The Cold air from out side. Causing the Freezing air to suck through the cells like a wind tunnle. Subjecting Plaintiff to Sub-Freezing Tempatures For days at a time over a 34 day period while plaintiff was in Confinement.

198. Plaintiff Had no warm Clothing

<u>Statement of facts, Continued :</u>

199▨▨. Plaintiff was restricted from getting under his blankets to seek warmth between the hours of 7:45 AM to 5:00 PM.

200▨▨. Plaintiff lived in fear every day because he didn't Know when it would be his turn to be victom to officers cruel antics.

201▨▨. An inmate would be chosen and told to pick a number between 1 and 4 and when the Inmate would pick the number the officer would state " Thats how many times your getting Sprayed."

202▨▨. An officer would roll an orange down the hall and whatever cell it stopped in front of Those inmates would get D.R.'s

203▨▨. Officers would Come in at shift change and randomly Pick one or two cells and write those Inmates housed in the chosen Cells Fabricated D.R.'s. (see Exhibit(F))

-39-

<u>Statement of facts, Continued</u>:

204███. On February 17, 2005 Plaintiff wrote a request to medical to verify the pass written on February 10, 2005 to February 09, 2006 Cane pass, and restricted walking to 100 yards.

205███. On February 22, 2005 Nurse L. Sistrunk responded to request by written response "You will receive your pass when you are released from Confinement." (see Exhibit(H))

206███. On March 3, 2005 while plaintiff was still in confinement Defendant Co. Scheeler did conduct a routine cell search.

207███. Defendant CO. Scheeler did leave my legal documents and Confidential Medical records thown all around plaintiffs Cell, damaging plaintiffs property.

208███. Inmate D. Spitznogle # 982676 was witness to this distruction.

209███. Plaintiff filed proper grievances which

<u>Statement of facts, Continued:</u>

were denied.

210 ▨. Officials did not interview witness.
(see Exhibit (G))

211 ▨. On March 14, 2005 Plaintiff was released from confinement.

212 ▨. Plaintiff went to medical to retrieve his medical pass dated February 10, 2005 through February 09, 2006 Cane pass and restricted walking to 100 yards.

213 ▨. Upon receiving said pass it had been altered, The 100 yard walking restriction had once again been removed.

214 ▨. Plaintiff was once again given a crutch and sent on his way. (See Exhibit (H))

215 ▨. March 15, 2005 at approximately 9:00 A.M. Plaintiff was ordered to pack his property and go to medical.

Statement of facts. Continued:

216▮▮▮. Upon arriving at medical Plaintiff was met by Defendant C. Hudgins who took plaintiffs Crutch, gave plaintiff a cane and told plaintiff "There, your ready to transfere, Good By!"

217▮▮▮. Plaintiff was then transfered back to HCI Annex.

218▮▮. On March 24, 2005 plaintiff was seen by Defendant DR. V.P Baitan. at approximately 9:00 AM

219▮▮▮. Defendand DR. V.P. Baitan did prescribe plaintiff a new medication "NAPROXEN" For Plaintiffs pain without looking at plaintiffs Full medical history/ Chart.

220▮▮. Plaintiff did ask Defendant DR. V.P Baitan if the "NAPROXEN" Could or would have any adverse effects if mixed with the medication "Sulindac" which plaintiff was Currently Taking.

221▮▮. Defendant DR V.P. Baitans response was to pat Plaintiffs leg and state " You be fine, you go home

<u>Statement of facts, Continued:</u>

soon"

222 ▓. Defendant DR. V.P. Baitan did act negligently and with deliberate indifference to plaintiff's serious medical needs when he neglected to check plaintiff's medical chart to find out for certain that the mixing of would not cause adverse effects.

223 ▓. On March 25, 2005 plaintiff took the prescibed dosage of Naproxen along with his normal medication after dinner.

224 ▓. By appoximately 6:15 pm plaintiff was feeling very ill, Plaintiff was hot, with cold sweats, had blurred vision and high pulse rate along with high blood pressure.

225 ▓. Plaintiff checked warning on prescription and The Sulindac read "Consult DR. before asprin/ibrupophen/Naproxen use."

226 ▓. at 7:20 pm. Plaintiff Declared a Medical emergency.

Statement of facts, Continued :

227 ▨▨. Plaintiff was escorted to Medical by Co. Groover and Seen by Defendant J.F. ZAK The nurse on duty.

228 ▨▨. Defendant J.F. ZAK took plaintiffs blood pressure and pulse rate by Calibrated machine.

229 ▨▨. The results were blood pressure $\frac{165}{101}$ and Heart rate 114.

230 ▨▨. Defendant J.F. ZAK Then checked vitals manualy and the results were, blood pressure $\frac{164}{88}$ and heart rate 109.

231 ▨▨. Defendant J.F. ZAK. Then checked Plaintiffs pupil dialation.

232 ▨▨. Plaintiff was then told to wait in the hall while Defendant J.F. ZAK Called the Doctor.

233 ▨▨ Defendant J.F. ZAK Returned and stated the medication "NAPROXEN" would be discontinued imediately.

234 ▨▨. Defendant J.F. ZAK Then stated "If the symtoms

- 44 -

<u>Statement of facts, Continued:</u>

Continue go to Sick-call.

235 ▨. There was no observation period, no care, no talk of Care or of being seen by a doctor.

236 ▨. Plaintiff was then escorted back to his houseing area by Co. Groover, who made the following statement to Plaintiff. "I use to work in a hospital, what that nurse did was all wrong. It's no wonder inmates die here all the Time. Your not the only one this has happend to, Just a few days ago I brought another inmate to medical For The same thing."

(see Exhibit(I))

237 ▨. On March 23, 2005 Plaintiff left his Confidential Legal documents, medical records and ADA forms with designated Copyman Dean Phettaplace #X02600 To be Copied at approximately 9:30 AM in the HCI Annex Library.

238 ▨. Defendant John Dialessi the Library specialist did seize the above named documents and read some or all of them.

<u>Statement of facts, Continued</u> :

239 �acpt. Defendant John Dialessi then turned said documents over to Library security Defendant CO. L.J Corbin, who read some or all of said documents.

240 ▰▰ Defendant CO. L.J Corbin Then took said documents out of Library and Proceded to Turn the documents over to Defendant Colonel D. Coleman.

241 ▰▰ Defendant Colonel D. Coleman then read some or all of plaintiffs Confidential Legal Documents, Then Turned The documents over to Defendant Sgt. B. Sapp.

242 ▰▰ Defendant Sgt. B. Sapp then read some or all of plaintiffs Legal documents.

243 ▰▰ At approximately 3:20 Pm. plaintiff returned to the library to retrieve his Legal documents.

244 ▰▰ At this time plaintiff was told by Copy man Inmate Dean Phetta place #x02600 That plaintiff Would have to see Defendant Co. L.J. Corbin about his copies.

-46-

Statement of facts, Continued:

245 ▮. Plaintiff asked Defendant CO. L.J. Corbin what the issue was Concerning plaintiffs Legal documents.

246 ▮. Before Defendant CO. L.J. Corbin Could respond Defendant Sgt. B Sapp Came walking into the education building from the Compound Carrying plaintiffs legal documents in a blue folder plainly marked in big bold Letters "LEGAL COPIES"

247 ▮. Defendant **Sgt.** B. Sapp Then handed plaintiffs Legal documents to Defendant CO. L.J. Corbin and stated " Yeah, You Can Copy Them now."

248 ▮. Defendant CO.J.Corbin then took plaintiffs Legal documents to Copyman inmate Dean Phettaplace # x02600 and told him to tell Defendant John Dialessi he could now Copy plaintiffs Legal documents.

249 ▮. Plaintiff did not receive his legal documents until March 24, 2005 at approximately 10:00 AM.

250 ▮. Once plaintiff got back to his Cell he realized documents of Correspondance with his

<u>Statement of facts. Continued :</u>

attorney was missing.

251 ▪▪▪ Plaintiff filed the appropriate paper work.

252 ▪▪▪. On March 24, 2005 Plaintiff spoke to Defendant Sgt. B. Sapp who admitted to reading Plaintiffs Legal Documents.

253 ▪▪. This was witnessed By Inmate Walter Bessette # 055687.

254 ▪▪▪. On March 24, 2005 writes a request to Defendant John Dialessi asking about missing document.

255 ▪▪▪. Plaintiff received a response from Mr. Hunt The education supervisor that states "IT is your responsability to check That all your originals are present after your copies are made before you Leave the library."

256 ▪▪▪. On March 24, 2005 Plaintiff writes a request to Library Security Defendant CO. L.J. Corbin asking about missing document.

<u>Statement of facts, Continued:</u>

257 ▬. Plaintiff received a response from Defendant CO. L.J. Corbin which states " At no time was I in possession of your Legal material, It is your responsability to check your materials before you Leave the library."

258 ▬. On March 24, 2005 plaintiff writes a request to Defendant Sgt. B. Sapp asking about said missing Legal Document.

259 ▬. Defendant Sgt. B. Sapp Does not respond.

260 ▬. On April 07, 2005 Plaintiff writes an informal grievance. Asking about missing document.

261 ▬. Mr. Hunt reply's once again by stating " There is no evidence you submitted your missing document. It is wholly your responsability to check all your papers as present After your Copies are made Before you Leave the library. You are missing your own document. Your missing document is of no Value to any one else."

262 ▬. Plaintiff writes an informal grievance to Defendant CO. L.J. Corbin.

<u>Statement of facts, Continued:</u>

263 �© . Defendant CO. L.J. Corbin does not answer the informal grievance.

264 © . Plaintiff writes an informal grievance to Sgt B. Sapp.

265 © . Defendant Sgt. B. Sapp Does not answer informal grievance.

266 © . On April 12, 2005 Plaintiff is ordered to the education building where Plaintiff is harassed and retaliated against by Defendants John Dialessi and CO. L.J. Corbin.

267 © . On April 14, 2005 Plaintiff is ordered to the Security building to see Defendant Sgt. B. Sapp.

268 © . Defendant Sgt. B. Sapp admitts that Defendant Colonel D. Coleman also read through plaintiffs Legal documents. She Tells plaintiff its in his best interest not to file any more grievances. Then try's to Lie and say documents were always in a yellow folder and she hadn't realy read them.

<u>Statement of facts, Continued:</u>

269 ▨. There was another officer present who was unknown to the plaintiff. (See Exhibit (J))

270 ▨. On June 6, 2005 Plaintiff was ordered to medical to see Defendant A. Henderson. the senior nurse.

271 ▨. Plaintiff told Defendant A. Henderson that he had been prescribed sinus medication but plaintiff did not think he had sinus problems. Plaintiff felt his headachs were due to the damage to his Cervical Spine.

272 ▨. Defendant A. Henderson stated "They gave you that medication Just to Shut you up."

273 ▨. Plaintiff was shocked that Defendant DR. D. Hall would prescribe medication that caused plaintiff to suffer from extreamaly high heart rate, high blood pressure and nerve problems.

274 ▨. Plaintiff is now affraid to seek medical Care for fear of being "Shut up" permanetly.
                                    ( See Exhibit (K))

- 51 -

<u>Statement of facts, Continued:</u>

275 ▇. On August 08, 2005 Plaintiff was ordered to The Captains office to see Defendant Capt. Ross. at 1 pm.

276 ▇. Plaintiff was left standing in the blistering sun for approximately 45 minutes, where Defendant Capt. Ross ordered plaintiff to wait.

277 ▇. It was apparent to Defendant Capt. Ross that plaintiff was infact an impaired inmate by the Cane, Back brace and numerous medical passes on plaintiffs Person.

278 ▇. Defendant Capt. Ross did stand across the compound and watch, plaintiff being subjected to the sun and being Forced to stand for a prolonged period of time Causing plaintiff undue pain and suffering.

279 ▇. Before being let into the captains Office Defendant Sgt. Pierce informed Plaintiff That he was to stand in front of the captains desk with his hands behind his back and the only plaintiff could say was "Yes sir" or "No sir." or plaintiff would go to confinement.

<u>Statement of facts, Continued:</u>

280 �direct. Defendant Capt. Ross asked Plaintiff if he had in fact written the informal grievance dated July 30, 2005

281 ▪. Plaintiff stated "yes sir."

282 ▪. Defendant Capt. Ross then stated " You don't even have a year left, Why are you starting trouble?"

283 ▪. Plaintiff stated " I'm not trying to start trouble sir."

284 ▪. Defendant Capt. Ross Then stated "This is petty Why are you writing petty ass grievances."

285 ▪. Plaintiff responded by saying " Yes but the rule book tells us to do one thing, and officers tell us to do another. We're not allowed to follow the rules."

286 ▪. Defendant Captain Ross Then stated " What do you want me to do? Tell the Colonel his rules don't work, That they're bullshit. Do you Know what the Colonel would do if he saw this

<u>Statement of facts, Continued:</u>

grievance? He'd lock your ass up!"

287 ▓. Defendant Capt. Ross Then stated "I could go to your cell right now and find a reason to lock you up. But i'm not gonna do that yet, you need to watch what you write. Don't get me wrong you can write grievances, thats your right, but we can and will make your life very miserable if you continue." "Right Sgt. Pierce."

288 ▓. Defendant Sgt. Pierce, confirmed the threat.

289 ▓ Defendant Capt. Ross Then stated "I can't do anything about what other people do, but do you understand we can make life very rough on you, and you don't have enough time to be writing grievances."

290 ▓ Plaintiff stated "yes sir"

291 ▓. Plaintiff was then excused to leave.
(see exhibit (L))

292 ▓ On August 21, 2005 Plaintiff Filed his final Appeal to the Secretary, of The Florida Department

-54-

## Statement of facts, Continued:

Of Corrections, for violating Plaintiffs right to bodily privacy.

293■. The response given by The secretary's office that plaintiff is in non-Compliance with Chapter 33-103 is absolutely false.

294■. Documentation will show Plaintiff file at the institution on January 25, 2005, March 22, 2005, July 9, 2005 and July 24, 2005.

295■. These were all informal grievances and none were answered except the one Filed January 25, 2005. But then there was no answer to the formal grievance to the warden.

296■. Plaintiff is housed in a T-building and his right to bodily privacy is violated on a daily basis for the following reasons.

297■. HCl staff inforce a non-existing rule that all Cell doors must be locked in the open position at all times while inmates are in the building.

<u>Statement of facts, Continued :</u>

298 ▦. Plaintiff is supervised by officers of the opposite gender while showering, urinating and deficating.

299 ▦. There is no privacy screening provided.

300 ▦. Shower doors are bars and open for female officers to see in.

301 ▦. Female officers do not announce themselves when they enter the housing area.

302 ▦. Toilets are situated in a manner of which they are right in front of the door, leaving plaintiff exposed.

303 ▦. If plaintiff hangs something across the door The females will come to the Cell and without warning pull it down intentionaly exposing Plaintiff.

304 ▦. Male prisoner's are not afforded the same rights as female prisoners are, as they should be under the equal protection clause of the

<u>Statement of facts, Continued</u>:
Constitution.

305 ▪▪. Femal officers have walked up on plaintiff and began speaking to plaintiff while he was urinating and deficating.

306 ▪▪. Plaintiff feels sexualy harassed and humiliated by the situation The Florida Department of Corrections has Created or allowed to be Created at this institution.

307 ▪▪. Attached to the grievance Concerning these Violations # 05-6-23913 are Exhibit(A) Which shows the Cell and Shower Floor Lay-out. Exhibit(B) Which shows the Cell and Shower Front view, and Exhibit(C) Which shows the 2nd Foor Lay-out.
(See Exhibit(M))

308 ▪▪. On August 21, 2005 Plaintiff filed his final appeal to the Secretary of The Department of Corrections, Concerning Defendant Warden Jack Sapp and employees he designates to answer grievances Violatings Plaintiffs right to redress the government plaintiffs First amendment right by not answering grievances.
(See Exhibit (N))

-57-

Statement of facts, Continued:

309 ▪. On September 09, 2005 at 11:25 AM. Plaintiff was ordered to the security building for the purpose of seeing Defendant Colonel D. Coleman.

310 ▪. Upon entering Defendant Col. D. Colemans office. The Defendant ordered Plaintiff to have a seat.

311 ▪. Defendant Lieutenant Mobley then burst through the door and began yelling at the plaintiff, "Stand the fuck up inmate, you stand when your in the Colonels office!"

312 ▪. Defendant Colonel D. Coleman did inform plaintiff, that he was tired of phone calls, letter's and grievances concerning plaintiff and was tired of hearing plaintiffs name.

313 ▪. Defendant Colonel D. Coleman Told plaintiff he was a stupid white boy, and did not know what the fuck he was doing.

314 ▪. Defendant Colonel D. Coleman did ask plaintiff how much time plaintiff had left.

- 58 -

<u>Statement of facts, Continued:</u>

315 ▪▪▪. Plaintiff responded "about 10 months".

316 ▪▪. Defendant Colonel D. Coleman the stated " Do you Know how easy it would be to give you a new charge."

317 ▪▪. Defendant Colonel D. Coleman the stated " Do I need to slap you up side your head to make you see the big picture?"

318 ▪▪▪. Plaintiff responded "No sir."

319 ▪▪▪. Defendant Colonel D. Coleman then asked The plaintiff " Whats your problem?"

320 ▪▪▪. When plaintiff began to explain Defendant Lieutenant Mobley stated " Shut the fuck up or I will slap the spit out of your mouth."

321 ▪▪▪. Defendant Colonel D. Coleman then stated " I better not see another grievance with your name on it come across my desk."

322 ▪▪▪. Plaintiff then stated " You don't have to worry

- 58 -

<u>Statement of facts, Continued:</u>

about that cuz the grievane procedure does not work."

323 ▮▮▮. Defendant Lieutenant Mobley then stated " The grievane procedure does work, you Just write stupid fucking grievances."

324 ▮▮. Defendant Colonel D. Coleman then asked plaintiff "are you gonna play ball?"

325 ▮▮▮. Plaintiff stated "NO Sir."

326 ▮▮▮. At this point Lieutenant Mobley became irate and stated " We will beat you to DEATH, We don't Care, We will KILL you! And I don't care who you tell, my names Mobley , M-O-B-L-E-Y, Mobley."

327 ▮▮▮. Defendant Colonel D. Coleman then stated " Do you think they Can Transfer you, before I get to you?"

328 ▮▮▮. Defendant Colonel D. Coleman then stated "Sgt Sapp tried to talk to you, you wrote her up. Captain Ross tried to talk to you, you wrote him up. If you put a grievance in with my name on it, your through!"

- 60 -

## Statement of facts, Continued:

329 ▮▮. Defendant Colonel D. Coleman Then stated "If you do write something about this incident, They'll call me. I'll deny it. I'll tell Them I acted in a professional manner and They will believe me, because your Just an inmate. Then it's on, the first inning and I Like baseball."

330 ▮▮. At This point plaintiff was told not to write any more grievances and was excused to Leave.

331 ▮▮. On September 15, 2005 Plaintiff file a Complaint Pursuant to Florida Rules of Criminal Procedure 3.115 charging Defendants Colonel D. Coleman and Lieutenant Mobley in the Commission of a Criminal offense, with the state Attorney and the Hamilton County Clerk of the Courts. (See Exhibit (O))

332. It should be noted that on February 10, 2005 The Secretary of The Florida Department of Corrections was Forced to resign over a Federal investigation that includes The abuse of inmates.

## CLAIMS FOR RELIEF

333. The actions of Defendant C. Hudgins in taking Cane without direct written order and in retaliation for fileing grievances Constitutes Cruel and unusual Punishment in violation of the eighth amendment of the united States Constitution.

334. The actions of Defendants J.L. Swartz and C. Hudgins in Changing and destroying medical documents at an ADA interview to avoid moving plaintiff to more suitable housing Constitutes retaliation and Cruel and unusual Punishment in violation of the First, eighth and Fourteenth amendments of The United States Constitution.

335. The actions of Defendants J.L. Swartz, V.P. Baitan, R. Solorzano, C. Hudgins, J.F. ZAK, Ruth Feltner, James Hudgins, and Jack Sapp in altering, editing, Concealing, and destroying Medical documents Constitutes retaliation and Cruel and unusual punishment as well as descimination is in violation of the First, Fifth, eighth and Fourteenth amendments of the united States Constitution.

<u>Claims for relief Continued</u>:

336. The actions of Defendants Sgt. Grahan, Sgt. Hollingsworth and CO. Morales in stripping plaintiff as retaliation for grievances and to humiliate plaintiff, violates plaintiffs right to bodily privacy and is in violation Fourth, eighth and Fourteenth amendments of The United States Constitution.

332. The actions of Defendants Capt. Touchton, Sgt. Sexton, CO. Hallbrook and CO. Stenquest in Harassing and retaliating against plaintiff for filing grievances and scaring plaintiffs Leg Constitutes violations of access to the Courts and Cruel and unusual punishment as well as due process in violation of the First, Fifth, eighth, and Fourteenth amendments of the united states Constitution.

338. The participation in or actions of Defendants Capt. Touchton, Sgt Sexton and CO. Scheeler in Fabricating D.R.'s and Placing Plaintiff into Confinement Constitutes a violation of Due process, Cruel and unusual punishment and violation of access to the Courts in retaliation for Plaintiff filing

<u>Claims for relief Continued:</u>

grievances violates the First, Eighth and Fourteenth amendments of the United States Constitution.

339.   The actions of Defendants James Hudgins, Jack Sapp, and James Crosby in not taking action when they were notified of threats of retaliation before the actual acts occurred. Violates The First amendment of The United State Constitution

340.   The actions of Defendants Capt. Touchton Sgt. Sexton and CO. Scheeler in the Fabricating of a DR., placing plaintiff into Confinement and subjecting plaintiff to Sub-Freezing Tempeatures and emotional trauma Constitutes Cruel and unusual punishment and violates the eighth and Fourteenth amendments of the United states Constitution.

341. The actions of Defendants James Crosby, Jack Sapp, in allowing plaintiff to be continuealy subjected to Sub-Freezing temperatures and Cruel antics after Defendants were made aware it was happening Constitutes Cruel and Unusual

<u>Claims for relief Continued</u>:

punishment and violates the eighth amendment of the United States Constitution.

342. The actions of Defendant CO. Scheeler in the destruction of plaintiffs Legal documents in retaliation for plaintiff Filing grievances is a violation of access to Courts in violation of The First and Fourteenth amendments of the united States Constitution.

343. The actions of Defendant D. Hall in altering editing, Concealing or destroying medical documents Constitutes a violation of the First, eighth, and FOURteenth amendments of the United States Constitution.

344. The actions of Defendants V.P. Baitain and J.F. ZAK in prescribing Medication without checking plaintiffs medical file and Causing adverse effects and For not treating the emergency situatation properly and with Malice, Constitutes Deliberate indifferene and negligene, Cruel and unusual punishmend and Violates the eighth and

- 65 -

<u>Claims For Relief Continued:</u>

Fourteenth amendments of The United States Constitution.

345. The actions of Defendants John Dialessi, J.L. Corbin III, B. Sapp and D. Coleman in seizing and read plaintiffs Legal documents, breaching the Confidentiality of the documents violates plaintiffs right to access the Courts, violating The First and Fourteenth amendments of the United States Constitution.

346. The actions of Defendants D. Hall and A. Henderson in prescribin medication Just to shut plaintiff up is negligent, show deliberate indifferane, and Cruel and unusual punishment in violation of the eighth amendment of the United States Constitution.

347. The actions of Defendants Capt. Ross and Sgt. Pierce in retaliation against Plaintiff for filing grievanes is in violation of plaintiffs right to access the Courts which violates The First and Fourteenth amendments of the United States Constitution

<u>Claims for Relief Continued:</u>

348. The actions of Defendants Jack Sapp, James Hudgins and David McCullem vilolatate plaintiffs Constitutional right to bodily privacy in violation of the Fourth amendment of the United States Constitution.

349. The actions of Defendants James Crosby, Jack Sapp, James Hudgins and David McCullem in Failure to answer grievances violates plaintiffs access to the Courts in violation of the First and Fourteenth amendments of the United States Constitution.

350. The Actions of Defendants David Coleman and Lieutenant Mobley for making death threats against Plaintiff in retaliation for filing grievances violates plaintiffs right to access to the Courts, and Constitutes Cruel and unusual punishment which violates The First, Eighth, and Fourteenth Amendments of the United States Constitution.

VIII.   <u>RELIEF REQUESTED</u>:   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

Wherefore, this Court should grant a temporary injunction/ preliminary restraining order directing defendant to correct the claims stated here in.

Grant Compensitory damages in the following amount: $250,000.00 per defendant.

Grant punitive damages in the following amount: $750,000.00 per defendant.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this ___13___ day of ___February___, 2_006_.

_____

_____

_____

_____

(Signatures of all Plaintiffs)

## Statement of Fact,

I <u>Timmy S. Hamilton</u>, Plaintiff find it necessary to inform the Court That on January 18, 2006 defendants named in this Complaint and other employees of F.D.OC. Hamilton CI. seized plaintiffs Legal documents again and placed plaintiff into Confinement, Claiming The librarian found a blank power of attorney in with plaintiffs in plaintiffs Legal documents. No Confiscation form was written for said Contraband or for said Legal Documents.

The documents Seized were an ongoing Case Concerning Criminal aligations against Colonel D. Colemand and Lieutenant Mobley Threatening plaintiffs life for filing grievances. Case No.: 05-290-CA <u>Hamilton v. Coleman, et al.</u>, Plaintiff feels this was done in retaliation because the case was involving defendants Superior officer and The material was seized To block plaintiffs access to The Courts and To breach the Confidentiality of Plaintiffs documents Causing Plaintiff to miss his deadline for rehearing and appeal.

Plaintiff filed the appropriate grievances for retaliation and none was answered.

On February 13, 2006 plaintiff was ordered to the security building, and dispite the fact that in writing The library staff Claim the seized documents were seized by security, security Claims on February 13, 2006 That security knows nothing about said material.

This is ongoing and Continues harassment and retaliation and violates plaintiffs right to meaning ful access

- 69 -

To The Courts and equal protection under the law This violates plaintiffs Rights under The First and Fourteenth Amendments of the united states Constitution.

## Unnotarized Oath

Under penalty of perjury, I declare I have read The Foregoing Statement of Fact and The Facts Stated in it are TRUE.

This Oath is in accordance With Florida Statute 92.525(2005)

Tim S. Hamilton

Tim S. Hamilton
#166919
Hamilton C.I. Annex
11419 S.W. County Rd #249
Jasper Fl. 32052.

# EXHIBITS

# NOT

# SCANNED

**REFER TO COURT FILE**